T.C. Summary Opinion 2005-57


UNITED STATES TAX COURT


ANTHONY M. FLORES AND SANDRA L. FLORES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14147-04S.          Filed May 10, 2005.


Anthony M. Flores and Sandra L. Flores, pro sese.

<u>Alan J. Tomsic</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.[1]  The decision to

_____

    [1] Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2002,
the taxable year in issue.  All monetary amounts are rounded to
the nearest dollar.

be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 2002 in the amount of $3,011.

The only issue for decision by the Court is whether certain workers' compensation benefits received by petitioner Sandra L. Flores (Mrs. Flores) are taxable as though they were Social Security benefits. We hold that they are by virtue of section 86(d)(3).

## Background

Some of the facts have been stipulated, and they are so found.

At the time that the petition was filed, petitioners resided in Las Vegas, Nevada.

The facts are not in dispute.

In October 2000, Mrs. Flores was seriously injured at work while employed by Citibank. As a result of her injury, Mrs. Flores began receiving workers' compensation benefits in November 2000. Mrs. Flores continued to receive workers' compensation benefits in 2002, which she received by check biweekly.

At the time of her injury in October 2000, Mrs. Flores was also covered by a long-term disability policy through her

employment with Citibank.[2]  Under the terms of the policy, if an employee's disability lasted for more than a year, the employee was obliged to apply for Social Security benefits.  Accordingly, in July 2002, Mrs. Flores applied for Social Security benefits, and she began receiving benefits in October 2002 by direct deposit to her bank account.  In 2002, Mrs. Flores received Social Security benefits of $8,820, which included benefits of $6,772 paid in 2002 for 2001.

Mrs. Flores received a Form SSA-1099, Social Security Benefit Statement, for 2002.  Box 5 of that form reported "net benefits for 2002" of $20,675, which was described as follows:

```
Paid by check or direct deposit      $8,820
Worker's compensation offset         11,855
Benefits for 2002                    $20,675
```

Petitioners attached the Form SSA-1099 to their 2002 Federal income tax return.  Believing that the workers' compensation offset was not includable in their income, petitioners wrote the following explanation of their position on the Form SSA-1099:

```
Box 5 benefits paid 2001 & 2002 is $8,820.00.
$11,854 paid by worker's compensation not subject
to income taxes, not paid by SSA.
```

[2]  Mrs. Flores paid her share of the premiums on this policy through payroll deductions.

In the notice of deficiency, respondent determined that the workers' compensation offset of $11,855 was includable in petitioners' income:

> Workers' compensation benefits are generally not taxable if paid in place of wages lost as a result of work related accident or injury. However, workers' compensation benefits may be taxable if paid in place of retirement benefits such as Social Security or Railroad Retirement benefits. In this situation, the taxable portion of your benefits would be computed using the same method used for Social Security and Railroad Retirement.

## Discussion

Workers' compensation is generally excludible from a taxpayer's gross income. Sec. 104(a)(1). In contrast, Social Security benefits, including Social Security disability benefits, may be includable in a taxpayer's gross income pursuant to a statutory formula that takes into account a number of factors, including the amount of Social Security benefits received, the taxpayer's other income, and the taxpayer's filing status. Sec. 86.

If the amount of Social Security benefits that a taxpayer receives is reduced because of the receipt of workers' compensation benefits, then the amount of the workers' compensation benefits that cause the reduction (the so-called offset amount) is treated as though it were a Social Security

benefit. Sec. 86(d)(3).[3] See <u>Mikalonis v. Commissioner</u>, T.C. Memo. 2000-281; <u>Willis v. Commissioner</u>, T.C. Memo. 1997-290. The rationale for this provision appears in the legislative history accompanying that enactment of section 86 by the Social Security Amendments Act of 1983, Pub. L. 98-21, sec. 121, 97 Stat. 80:

> Your Committee's bill provides that social security benefits potentially subject to tax will include any workmen's compensation whose receipt caused a reduction in social security disability benefits. For example, if an individual were entitled to $10,000 of social security disability benefits but received only $6,000 because of the receipt of $4,000 of workmen's compensation benefits, then for purposes of the provisions taxing social security benefits, the individual will be considered to have received $10,000 of social security benefits. [H. Rept. 98-25, at 26 (1983).]

In other words, the purpose of section 86(d)(3) is to equalize

---

[3] Sec. 86(d)(3) provides as follows:

SEC. 86(d). Social Security Benefit.--

    *    *    *    *    *    *    *

(3) Workmen's compensation benefits substituted for social security benefits.--For purposes of this section, if, by reason of section 224 of the Social Security Act * * *, any social security benefit is reduced by reason of the receipt of a benefit under a workmen's compensation act, the term "social security benefit" includes that portion of such benefit received under the workmen's compensation act which equals such reduction.

At trial, Mrs. Flores testified that she received workmen's compensation in an amount greater than the $11,855 "offset" that was identified in her 2002 Form 1099-SSA, described <u>supra</u> p.3. In this regard, we emphasize that sec. 86(d)(3) serves to treat workers' compensation benefits as though they were Social Security benefits only to the extent of the offset amount.

the Federal tax treatment of Social Security benefits that are received by various taxpayers who may or may not be eligible to receive workers' compensation benefits.

We acknowledge that Mrs. Flores applied for Social Security benefits only because she was obliged to do so under the terms of her long-term disability policy. We also acknowledge that if Mrs. Flores had not been so obliged, and if she had not actually applied for Social Security benefits, then her workers' compensation benefits would not have been subject to Federal income tax. See sec. 104(a)(1). Under the circumstances, we can appreciate petitioners' dismay. Nevertheless, as the Supreme Court of the United States has instructed, we are dutybound to apply the law as written by the Congress to the facts as they occurred and not as they might have occurred. See Commissioner v. Natl. Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148-149 (1974).

In view of the foregoing, we hold for respondent on the legal issue presented.[4]

Reviewed and adopted as the report of the Small Tax Case Division.

---

[4] We also note that respondent's application of sec. 86 is mathematically correct.

To reflect our disposition of the disputed issue,

<u>Decision will be entered</u>

<u>for respondent.</u>